HOWARD IRON WORKS v. WATERS et al.

(Supreme Court, Appellate Division, Fourth Department.    March 8, 1911.)

MECHANICS' LIENS (§ 317*)—BONDS—ACTION—PLEADING.

In an action on a bond, it appeared from the complaint that plaintiff had contracted to install elevators in the L. apartment house, and the bond was conditioned that, if payment of certain notes, given pursuant to a contract between the plaintiff and the L. corporation, should not be prevented by reason of any lien or liens "which may be filed" against the L. apartment house, the obligation should be void; that plaintiff performed, but the corporation refused to execute the notes; and that after the bond was executed a second mortgage was given, and that the property was thereafter sold under a first mortgage. The complaint alleged that, relying on the bond, plaintiff waived its right to file a mechanic's lien against the property prior to the second mortgage; but there was no allegation that the property sold for more than the first mortgage,· and it did not appear that payment of plaintiff's claim was prevented by any lien filed against the property after the execution of the bond. *Held*, that the complaint did not state a cause of action.

[Ed. Note.—For other cases, see Mechanics' Liens, Dec. Dig. § 317.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Special Term, Erie County.

Action by the Howard Iron Works against Irving E. Waters and others. From a judgment sustaining a demurrer to the complaint, plaintiff appeals. Affirmed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

E. C. Randall, for appellant.

Orson J. Weimert, for respondents.

KRUSE, J. The plaintiff appeals from an interlocutory judgment sustaining the defendants' demurrer to the complaint, upon the ground that the complaint fails to state facts sufficient to constitute a cause of action. The action is brought upon a bond, joint and several in form, made by the defendants and others, and conditioned as follows:

"Now, therefore, the condition of the obligation is such that if the payment or satisfaction of the said note or notes, when the same shall become finally due and payable under and pursuant to the said contract between the said Lenox Corporation and the Howard Iron Works, shall not be prevented by reason of any lien or liens which may be filed against the said Lenox Apartment House, now being constructed on North street, near Delaware avenue, in the said city of Buffalo, then this obligation to be void and of no effect, or else to remain in full force or virtue."

The contract between the plaintiff and the Lenox Corporation is for installing certain elevators in the apartment house referred to in the bond. The last payment, aggregating $3,225 was to be made by notes at three months, which the plaintiff agreed to renew four times at least. It appears by allegations in the complaint that the plaintiff fully performed the contract, that the corporation is in default, and that the plaintiff is entitled to recover of the corporation the amount demanded in the complaint. The corporation failed to make the notes, but it appears by the complaint that it was promoted, owned, and controlled by the defendants and their co-obligees, and that, although the notes were prepared and presented to the defendants, the corporation refused to execute the same.

The bond is dated September 12, 1896. It appears that at that time there was a first mortgage on the premises, of $500,000; that after the bond was executed a second mortgage was made, dated March 1, 1897; that on or about March 24, 1899, an action was brought to foreclose the first mortgage, and that the Lenox Corporation, the plaintiff, and the mortgagee in the second mortgage were made parties. The premises were sold May 23, 1899, bid in by a trustee for the second mortgage bondholders, and the bid assigned to a third person, who received the deed of the property and became the owner thereof. The complaint further alleges that, relying upon the bond in suit, plaintiff waived its legal right to file a mechanic's lien against the property when the elevators were installed, prior to the second mortgage.

Assuming that the status of the plaintiff is to be treated and regarded the same as though the notes had been given, I do not see how payment or satisfaction thereof was prevented by reason of any lien or liens "which may be filed." That provision clearly refers to liens

subsequent to the execution of the bond. As has been seen, the first mortgage was upon the property before the bond was made. The premises were sold, and the payment of the plaintiff's claim, if prevented at all, was under the foreclosure and sale of the premises on that mortgage, and not the subsequent mortgage. Neither do I see how the plaintiff was harmed by the failure to file notice of lien. So far as the record discloses, the filing of such notice would have been entirely futile. There is no allegation in the complaint that the property sold for more than the first mortgage claim, or any facts alleged showing that the plaintiff would have been benefited in any way by such lien. In short, the complaint does not show that the satisfaction and payment of the plaintiff's claim was prevented by any lien filed or coming against the property after the execution of the bond.

I think the interlocutory judgment should be affirmed, with costs, with the usual leave to plead over. All concur.